1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                    CENTRAL DISTRICT OF CALIFORNIA

9

10

11  DANNY RUIZ,                    ) Case No. EDCV 09-0627-RC
                                   )
12            Petitioner,          )
    vs.                            )
13                                 ) OPINION AND ORDER ON A
    FERNANDO GONZALEZ, WARDEN (A),) PETITION FOR HABEAS CORPUS
14                                 )
              Respondent.          )
15  _____ )

16        Effective March 7, 2009, petitioner Danny Ruiz, a state inmate

17  proceeding pro se, filed a habeas corpus petition under 28 U.S.C.

18  § 2254, and on May 18, 2009, respondent filed a motion to dismiss the

19  petition, arguing it is untimely.  On September 29, 2009, petitioner

20  filed his opposition to the motion to dismiss.  The parties have

21  consented to this Court to conduct all proceedings pursuant to 28

22  U.S.C. § 636(c).

23

24                            **BACKGROUND**

25        On May 5, 1998, the People filed an information in San Bernardino

26  County Superior Court case no. FVA09446, charging petitioner[1] with one

27  _____

28        [1]  The petitioner was charged with codefendants Luciano
    Hernandez, Sergio Castillo, and Gary Castor Kirby.  Lodgment no.

count of attempted, willful premeditated murder in violation of California Penal Code ("P.C.") §§ 664/187(a) (count 1), one count of attempted second degree robbery in violation of P.C. §§ 664/211 (count 2), and one count of unlawful driving or taking of a vehicle in violation of California Vehicle Code § 10851(a)(3), and as to counts 1 and 2, it was further charged that petitioner personally used a firearm within the meaning of P.C. § 12022.53(b), petitioner personally inflicted great bodily injury upon an individual not an accomplice within the meaning of P.C. § 12022.7(a), and the crimes were committed for the benefit and in association with a criminal street gang with the specific intent to promote criminal conduct by gang members within the meaning of P.C. § 186.22(b)(4).  Lodgment no. 8 at 1-5.  On February 9, 1999, pursuant to a stipulated written plea agreement, petitioner pleaded guilty to, and was convicted of, the lesser-included offense of attempted murder without premeditation in violation of P.C. §§ 664/187 (count 1), and petitioner admitted that during the course of the offense he personally used a firearm and inflicted great bodily injury within the meaning of P.C. § 12022.53(c).  Lodgment no. 9 at 5:28-6:8.  On March 11, 1999, the trial court sentenced petitioner to the stipulated total term of 29 years in state prison, and suspended imposition of the sentence on the condition petitioner serve one year in the county jail (he was given credit for having served 331 days) and be on probation for five years. Lodgment nos. 1, 9 at 14:16-18:3.  The petitioner did not appeal his conviction or sentence.  Petition at 2.

//

---

8 at 1-5.

On October 24, 2000, petitioner admitted he violated probation, and the trial court revoked his probation and imposed the previously suspended sentence of 29 years in state prison.  Lodgment no. 8 at 71, 76-77.

On or about June 16, 2008, petitioner filed a habeas corpus petition in the San Bernardino County Superior Court, claiming his plea bargain agreement was not honored, and on July 3, 2008, the Superior Court denied the petition.  Lodgment no. 2.  On July 16, 2008, petitioner filed a habeas corpus petition in the California Court of Appeal, which denied the petition on August 13, 2008.  Lodgment nos. 3-4.  On August 21, 2008, petitioner filed a habeas corpus petition in the California Supreme Court, which denied the petition on February 11, 2009.  Lodgment nos. 5-6.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "established a one-year period of limitations for federal habeas petitions filed by state prisoners," Bryant v. Arizona Attorney Gen., 499 F.3d 1056, 1059 (9th Cir. 2007), as follows:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . .

3

1               (D) the date on which the factual predicate of the

2               claim or claims presented could have been

3               discovered through the exercise of due diligence.

4       (2) The time during which a properly filed application for

5      State post-conviction or other collateral review with

6      respect to the pertinent judgment or claim is pending shall

7      not be counted toward any period of limitation under this

8      subsection.

9

10  28 U.S.C. § 2244(d).

11

12     The petitioner did not appeal his conviction, sentence, or

13  probation revocation to the California Court of Appeal, and the

14  conviction became final no later than 60 days after petitioner's

15  probation was revoked on October 24, 2000.[2] See former California

16  _____

17      [2] To the extent the pending habeas corpus petition
challenges the trial court's judgment imposing probation, the
18  statute of limitations began to run when the judgment imposing
probation became final, Caldwell v. Dretke, 429 F.3d 521, 529-30
19  (5th Cir. 2005), cert. denied, 549 U.S. 970 (2006) and 549 U.S.
993 (2006), which occurred 60 days after petitioner was sentenced
20  on March 11, 1999.  However, to the extent the pending petition
can be read as challenging the revocation of petitioner's
21  probation, the limitations period did not begin to run until the
probation revocation became final.  Davis v. Purkett,
22  296 F. Supp. 2d 1027, 1029-30 (E.D. Mo. 2003).  Similarly,
petitioner's claim of breach of plea agreement began to run no
23  later than the date his probation revocation became final, since
by that point, petitioner certainly could have discovered the
24  factual predicate of his claim.  28 U.S.C. § 2244(d)(1)(D); see
also Redd v. McGrath, 343 F.3d 1077, 1084 (9th Cir. 2003) ("[T]he
25  date of the 'factual predicate' for [petitioner's] claim under
§ 2244(d)(1)(D) . . . is determined . . . by inquiring when
26  [petitioner] could have learned of the factual basis for his
claim through the exercise of due diligence."); Connelly v.

27

28

Rules of Court, Rule 31(d) (2000);[3] <u>Lewis v. Mitchell</u>, 173 F. Supp. 2d 1057, 1060 (C.D. Cal. 2001); <u>People v. Coleman</u>, 13 Cal. 3d 867, 871 n.1, 120 Cal. Rptr. 384, 389-90 n.1 (1975) ("An order revoking probation is appealable as an order made after judgment affecting a defendant's substantial rights."). Thus, for petitioner, the statute of limitations began to run no later than December 27, 2000,[4] and expired no later than December 26, 2001. The instant action was not filed until more than seven years after the statute of limitations had run; thus, it is untimely.

Since petitioner's recent state habeas corpus petitions were filed in 2008, after the statute of limitations expired, they neither toll nor revive the expired limitations period. <u>Jiminez v. Rice</u>, 276 F.3d 478, 482 (9th Cir. 2001), <u>cert. denied</u>, 538 U.S. 949 (2003); <u>Green v. White</u>, 223 F.3d 1001, 1003 (9th Cir. 2000).

There also is no basis for this Court to equitably toll the AEDPA's statute of limitations. A habeas petitioner is entitled to

<u>Mendoza-Powers</u>, 226 Fed. Appx. 679, 681 (9th Cir. 2007) (applying Section 2244(d)(1)(D) to petitioner's breach of plea agreement claim).

[3] Effective January 1, 2004, the substance of former Rule 31(d) was moved to former Rules 30(b) and 30.1(a), <u>Earls v. Hernandez</u>, 403 F. Supp. 2d 985, 988 n.3 (C.D. Cal. 2005), and these rules were renumbered as Rules 8.304(b) and 8.308(a) effective January 1, 2007.

[4] December 23, 2000, the sixtieth day after October 24, 2000, was a Saturday, and December 25, 2000, was a holiday, so December 26, 2000 was the final day for petitioner to timely file a notice of appeal. California Code of Civ. Proc. § 12a(a); former California Rules of Court, Rule 45(a) (2003); <u>Lopez v. Felker</u>, 536 F. Supp. 2d 1154, 1156-57 & n.3 (C.D. Cal. 2008).

1  equitable tolling "only if extraordinary circumstances beyond a

2  prisoner's control make it impossible to file a petition on time."

3  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (citation and

4  internal quotation marks omitted); Espinoza-Matthews v. People of the

5  State of Cal., 432 F.3d 1021, 1026 (9th Cir. 2005).  The petitioner

6  bears the burden of proving: "(1) that he has been pursuing his rights

7  diligently, and (2) that some extraordinary circumstance stood in his

8  way."  Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814,

9  161 L. Ed. 2d 669 (2005); Mendoza v. Carey, 449 F.3d 1065, 1068 (9th

10  Cir. 2006).  Additionally, "the prisoner must show that the

11  'extraordinary circumstances' were the but-for and proximate causes of

12  his untimeliness."  Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir.

13  2003) (citations and internal quotation marks omitted); Roy v.

14  Lampert, 465 F.3d 964, 969 (9th Cir. 2006), cert. denied sub nom.,

15  Belleque v. Kephart, 549 U.S. 1317 (2007).  Here, petitioner contends

16  that despite his guilty plea, he is actually innocent of the crime of

17  which he was convicted.[5]  See Petition at 5.

18  _____

19      [5]  Although petitioner pleaded guilty, he can nevertheless maintain an actual innocence claim.  Bousley v. United States,

20  523 U.S. 614, 623-24, 118 S. Ct. 1604, 1611-12, 140 L. Ed. 2d 828 (1998); see also Lisker v. Knowles, 463 F. Supp. 2d 1008, 1040

21  (C.D. Cal. 2006) ("[T]he mere existence of the guilty plea itself is not conclusive.  The Supreme Court in Bousley specifically

22  authorized consideration of a Schlup [v. Delo, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)] claim in the face of a

23  guilty plea.").  Of course, this Court must consider petitioner's guilty plea in determining whether petitioner can meet the Schlup

24  standard.  See Doe v. Menefee, 391 F.3d 147, 163 (2d Cir. 2004)

25  ("Schlup recognizes that the reviewing court must do more than reenact a trial of the petitioner; it must be free to evaluate

26  independently all of the evidence, old and new, to . . . analyze the petitioner's potential innocence in light of the fact that

27  the petitioner is essentially claiming that the criminal justice

28  process has reached the wrong factual result, whether after a trial or a guilty plea."), cert. denied, 546 U.S. 961 (2005);

1    An actual innocence claim may constitute an "extraordinary
2  circumstance" warranting equitable tolling, <u>see</u>, e.g., <u>Souter v.</u>
3  <u>Jones</u>, 395 F.3d 577, 599 (6th Cir. 2005) ("[E]quitable tolling of the
4  one-year limitations period based on a credible showing of actual
5  innocence is appropriate."); <u>Gibson v. Klinger</u>, 232 F.3d 799, 808
6  (10th Cir. 2000) ("Equitable tolling would be appropriate . . . when a
7  prisoner is actually innocent. . . ."), or act as an exception to the
8  statute of limitations.  <u>See</u> <u>United States v. Zuno-Arce</u>, 339 F.3d 886,
9  890 n.5 (9th Cir. 2003) (Petitioner's actual innocence claim "is not
10 in itself a constitutional claim, but would serve only to remove the
11 timeliness bar so that claims may be heard on the merits."), <u>cert.</u>
12 <u>denied</u>, 540 U.S. 1208 (2004).  In either event, "[t]o be credible, [an
13 actual innocence] claim requires petitioner to support his allegations
14 . . . with new reliable evidence . . . that was not presented at
15 trial[,]" and to "show that it is more likely than not that no
16 reasonable juror would have found petitioner guilty beyond a
17 reasonable doubt."  <u>Schlup</u>, 513 U.S. at 324, 327, 115 S. Ct. at 865,
18 867; <u>Calderon v. Thompson</u>, 523 U.S. 538, 559, 118 S. Ct. 1489, 1503,
19 140 L. Ed. 2d 728 (1998); <u>Griffin v. Johnson</u>, 350 F.3d 956, 963 (9th
20 Cir. 2003), <u>cert.</u> <u>denied</u>, 541 U.S. 998 (2004).  Moreover, "'actual
21 innocence' means factual innocence, not mere legal insufficiency."
22 <u>Bousley</u>, 523 U.S. at 623-24, 118 S. Ct. at 1611.

23

24    To support his actual innocence claim, petitioner proffers an

25

26 ─────────────────────────
   <u>cf.</u> <u>United States v. Anderson</u>, 993 F.2d 1435, 1438 (9th Cir.
27 1993) ("Statements made by a criminal defendant contemporaneously
   with his [guilty] plea should be accorded great weight because
28 solemn declarations made in open court carry a strong presumption
   of verity." (citations and internal punctuation omitted)).

                                  7

1   unsworn statement purportedly made in 1998 by the attempted murder

2   victim, Jaime Marquez.  Petition at 23-25.  This document is not

3   competent evidence, and it fails to raise a viable actual innocence

4   claim.  First, the document, which is not signed under penalty of

5   perjury or notarized, is not reliable.  See Doe, 391 F.3d at 161

6   ("Because *Schlup* explicitly states that the proffered evidence must be

7   reliable, the habeas court must determine whether the new evidence is

8   trustworthy by considering it both on its own merits and, where

9   appropriate, in light of the pre-existing evidence in the record.").

10   Second, petitioner has not explained his lengthy delay in presenting

11   this evidence to the Court.  See Pace, 544 U.S. at 419, 125 S. Ct. at

12   1815 ("Under long-established principles, petitioner's lack of

13   diligence precludes equity's operation."); Welch v. Carey,

14   350 F.3d 1079, 1083 (9th Cir. 2003) (en banc) ("Tolling accommodates

15   effort, not inaction."), cert. denied, 541 U.S. 1078 (2004).  Third,

16   even setting these problems aside, and taking the document at face

17   value, it does not establish petitioner's factual innocence since the

18   victim merely states he does not know who shot him, but believes

19   someone named "Mark" might have, and this clearly is "insufficient to

20   satisfy the threshold showing under *Schlup*. . . ."  Arthur v. Allen,

21   452 F.3d 1234, 1246 (11th Cir. 2006), modified by, 459 F.3d 1310 (11th

22   Cir. 2006), cert. denied, 549 U.S. 1338 (2007); see also Melson v.

23   Allen, 548 F.3d 993, 1003 (11th Cir. 2008) (affidavit that does not

24   exonerate petitioner is "unconvincing" and insufficient to satisfy

25   *Schlup* threshold), pet. for cert. filed, (July 16, 2009); Hayman v.

26   Commonwealth of Pa., 624 F. Supp. 2d 378, 394-95 (E.D. Pa. 2009)

27   (petitioner does not demonstrate he is entitled to equitable tolling

28   based on claim of actual innocence when he presents no new evidence

1  that would have altered his decision to plead guilty and does not

2  explain why he waited over ten years before raising his claim on

3  habeas corpus).  For all these reasons, petitioner has not shown the

4  statute of limitations should be equitably tolled, and his habeas

5  corpus petition is determined to be untimely.

6

7                              **ORDER**

8      IT IS ORDERED THAT Judgment be entered dismissing the petition

9  and action as untimely.

10

11  DATE: <u>October 2, 2009</u>        <u> /S/ </u>ROSALYN M. CHAPMAN <u>      </u>
                                     ROSALYN M. CHAPMAN
12                                   UNITED STATES MAGISTRATE JUDGE

13  R&Rs-MDOs\09-0627.mdo
    10/2/09

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28